The Honorable Tiffany M. Cartwright

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSIAH VESIKURU, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LEASE CRUTCHER LEWIS WA, LLC, a Washington limited liability company,<br><br>Defendant. | Case No. 3:25-cv-06145-TMC<br><br>FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES<br><br>**JURY TRIAL REQUESTED** |



**Ferraro Vega Employment Lawyers, Inc.**
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

Plaintiff JOSIAH VESIKURU, individually and on behalf of all others similarly situated ("Plaintiff") bring this First Amended Class Action against Defendant LEASE CRUTCHER LEWIS WA, LLC ("Defendant"), and hereby states and alleges as follows:

## I. INTRODUCTION

1.1 Plaintiff and Class members are current and former non-exempt employees who have been employed by Defendant and who have been victimized by Defendant's unlawful compensation practices. This lawsuit is brought as a class action under state law to recover unpaid wages owed to Plaintiff and all other similarly situated employees.

1.2 Defendant has also engaged in a common practice of not paying Plaintiff and Class members for all regular and overtime hours worked. Examples of such uncompensated hours include, but are not limited to: off-the-clock hours worked pre- and post- shifts, and/or during purported meal breaks, and/or during mandatory orientation and training, and/or due to rounding.

1.3 Defendant has failed to compensate its employees for time worked off-the-clock.

1.4 Defendant's violations of state law have been willful.

## II. JURISDICTION & VENUE

2.1 Jurisdiction. Defendant is within the jurisdiction of this Court. Defendant conducts business in Washington. Defendant hires employees who reside and work in Washington, including Plaintiff. Defendant has therefore obtained the benefits of the laws of Washington as well as Washington's commercial and labor markets.

2.2 Venue. Venue is proper in Pierce County because Defendant transacts business in Pierce County and some of the specific acts alleged herein occurred in Pierce County.

## III. PARTIES

3.1 Plaintiff Josiah Vesikuru. Plaintiff Josiah Vesikuru is an individual over 18 years of age who worked for Defendant in Washington as a non-exempt employee from approximately July 2025 to August 2025. Plaintiff worked as a carpenter apprentice.

3.2 Defendant Lease Crutcher Lewis WA, LLC. Defendant Lease Crutcher Lewis WA,



**Ferraro Vega Employment Lawyers, Inc.**
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

LLC is a Washington limited liability company that maintains operations and conducts business throughout the State of Washington, including in Pierce County. Defendant employed Plaintiff and proposed Class members during the relevant period as set forth below.

3.3 Upon information and belief, Defendants acted in all respects pertinent to this action as an alter-ego, agent, servant, joint employer, joint venturer, co-conspirator, partner, in an integrated enterprise, or in some other capacity on behalf of all other co-defendants, such that the acts and omissions of each defendant may be legally attributable to all others.

## IV. CLASS ACTION ALLEGATIONS

4.1 Plaintiff, on behalf of himself, and all Class Action Members, re-alleges and incorporates by reference all allegations set forth herein.

4.2 Pursuant to Washington Civil Rule 23, Plaintiff brings this action on behalf of a proposed Class consisting of:

> All current and former non-exempt employees who worked for Defendant in Washington at any time from three years prior to the filing of this action through the date of class certification.

Excluded from the Class are any entity in which Defendant has a controlling interest or that has a controlling interest in Defendant, and Defendant's legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

4.3 Plaintiff reserves the right to establish various subclass definitions as appropriate at the class certification stage, according to proof.

4.4 Numerosity: The Class is estimated to exceed 50 individuals, although the precise membership of the entire Class is unknown at this time. The Class is so numerous that joinder of all Class members is impracticable. The identities of Class members can be obtained from Defendant's employment and payroll records.

4.5 Commonality. Common questions of law and fact as to the Class members predominate



**Ferraro Vega Employment Lawyers, Inc.**
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

over questions affecting only individual members. The common questions of law and fact exist as to whether the employment policies and practices formulated by Defendant and applied to Class members constitute violations of Washington law. Among the questions of law and fact common to Plaintiff and the Class are:

a. Whether Defendant has engaged in a common course of failing to pay Class members for all hours worked (*e.g.*, off-the-clock hours worked pre- and post-shifts, and/or during purported meal breaks, and/or during mandatory orientation and training, and/or due to rounding).;

b. Whether Defendant has engaged in a common course of failing to pay Class members all overtime compensation to which they are entitled (*e.g.*, due to off-the-clock hours worked pre- and post- shifts, and/or during purported meal breaks, and/or during mandatory orientation and training, and/or due to rounding).";

c. Whether Defendant violated RCW 49.46.090 as to Plaintiff and the Class;

d. Whether Defendant violated RCW 49.46.130 as to Plaintiff and the Class;

e. Whether Defendant violated RCW 49.48.010 as to Plaintiff and the Class;

f. Whether Defendant violated RCW 49.52.050 as to Plaintiff and the Class;

g. Whether Defendant violated WAC 296-126-040 as to Plaintiff and the Class;

h. Whether Defendant violated WAC 296-126-023(3) as to Plaintiff and the Class;

i. Whether Defendant violated WAC 296-128-010 as to Plaintiff and the Class;

j. Whether Defendant violated WAC 296-128-020 as to Plaintiff and the Class; and

k. The nature and extent of Class-wide injury and the measure of compensation for such injury.

4.6 <u>Typicality</u>. Plaintiff's claims are typical of the claims of the other Class members. Plaintiff and Class members were subject to the same policies and practices of Defendant, which



**Ferraro Vega Employment Lawyers, Inc.**
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

resulted in losses to Plaintiff and the Class. Proof of common unlawful business practices, which Plaintiff experienced, will establish the right of the Class to recover on the causes of action alleged herein.

4.7 Adequacy. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys who have significant experience in complex and class action litigation, including employment law. Plaintiff and Plaintiff's counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor Plaintiff's counsel have interests that are contrary to or that conflict with the class.

4.8 Predominance. Defendant has engaged in a common course of wage and hour abuse toward Plaintiff and members of the Class. The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

4.9 Superiority. A class action is superior to other means for adjudicating this dispute. Individual joinder is impractical. Class treatment will allow for common issues to be resolved in a single forum, simultaneously, and without duplication of effort and expense.

## V. SUMMARY OF FACTUAL ALLEGATIONS

5.1 Defendant employs hundreds of hourly non-exempt workers similarly situated to Plaintiff.

5.2 Class members were and are employed by Defendant and performed work materially similar to Plaintiff.

5.3 Common Course of Conduct: Failure to Pay for All Hours of Work. Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked.

5.4 Plaintiff's and Class members were required to attend orientation while off-the-clock. Plaintiff and Class members were not compensated for their attendance at the work orientation.



**Ferraro Vega Employment Lawyers, Inc.**
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

5.5 Further, Plaintiff and Class members' hours were recorded by their foreman, and Plaintiff and Class Members were not given the opportunity to review or approve their recorded time at the end of each day.

5.6 Plaintiff is informed and believes that his time records did not accurately reflect the number of hours that he worked. In fact, his timecard reports show his time was rounded to the nearest hour.

5.7 When Defendants' agents did not accurately record Plaintiff and Class members' hours, Plaintiff and Class members were not compensated for all of the hours they worked.

5.8 Defendant failed to pay Plaintiff and Class members minimum wages due to Defendant's failure to include time worked, including off-the-clock hours worked pre- and post-shifts, and/or during purported meal breaks, and/or during mandatory orientation and training, and/or due to rounding. This unpaid time is compensable under Washington law.

5.9 <u>Common Course of Conduct: Failure to Pay Overtime Compensation at the Regular Rate of Pay.</u>

5.10 Defendant has engaged in a common course of willfully failing to properly compensate Plaintiff and Class members for overtime hours worked.

5.11 Defendant has engaged in a common course of conduct of willfully failing to pay Plaintiff and Class members time and one half of the regular rate of pay for all work beyond forty (40) hours per week.

5.12 Due to Defendant's failure to include time worked "off-the-clock" in the total hours worked in a given week.

5.13 When Plaintiff and Class members performed work, Defendant failed to pay them overtime wages due to Defendant's failure to include time worked "off the clock." This unpaid time is compensable under Washington law.

5.14 For example, Plaintiff and Class members were not provided adequate staffing and coverage to take proper meal breaks.



**Ferraro Vega Employment Lawyers, Inc.**
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

5.15 Specifically, Plaintiff would be in his vehicle taking his meal period when his foreman would call him and tell him that he needed to return to work right away without finishing his 30-minute meal period.

5.16 Defendant did not provide or ensure that they received the rest breaks to which they were entitled because Defendant required Plaintiff and Class members to pour concrete and inadequately staffed coverage for rest breaks.

5.17 Common Course of Conduct: Failure to Maintain and Provide Accurate Wage Statements. Defendant has engaged in a common course of failing to keep true and accurate time records for all hours worked by Plaintiff and Class members.

5.18 As a result of Defendant's common course of failing to properly pay Plaintiff and Class members for all hours worked including off-the-clock hours worked pre-and post-shifts, and/or during purported meal breaks, and/or during mandatory orientation and training, and/or due to rounding, Defendant has also failed to maintain accurate records of hours worked by Plaintiff and Class members.

5.19 Defendant has engaged in a common course of failing to provide proper payroll documents to Plaintiff and Class members.

5.20 Defendant has actual or constructive knowledge of the foregoing facts.

## VI. FIRST CLAIM FOR RELIEF

**(Minimum Wage Act Violations: RCW 49.46 *et seq*.)**

***On Behalf of Plaintiff and the Class***

6.1 Plaintiff and the Class members reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

6.2 Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act ("WMWA"), RCW 49.46 *et seq*.

6.3 RCW 49.46.090 provides that "[a]ny employer who pays any employee less than wages to which such employee is entitled under or by virtue of [the Minimum Wage Act], shall be liable to



**Ferraro Vega Employment Lawyers, Inc.**
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

such employee affected for the full amount of such wage rate, less any amount actually paid to such employee by the employer, and for costs and such reasonable attorney's fees as may be allowed by the court.

6.4 Defendant failed to pay wages to Plaintiff and Class members for work performed off the clock, including pre- and post- shifts, and/or during purported meal breaks, and/or during mandatory orientation and training, and/or due to rounding.

6.5 Defendant has failed to timely pay all wages owed to Plaintiff and Class members at regular pay intervals pursuant to RCW 49.46 *et seq*. and WAC 296-126-023.

6.6 By the actions alleged above, Defendant has violated the provisions of RCW 49.46.020, RCW 49.46.090, RCW 49.46.120, RCW 49.46.130, and WAC 296-126-023.

6.7 As a result of these unlawful acts, Plaintiff and the Class have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class are entitled to the recovery of such damages, including interest thereon, as well as attorneys' fees and costs pursuant to RCW 49.46.090.

## VII. SECOND CLAIM FOR RELIEF

**(Failure to Pay Overtime Wages: RCW 49.46.130)**

***On Behalf of Plaintiff and the Class***

7.1 Plaintiff and the Class members reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

7.2 RCW 49.46.130 provides that no employer shall employ any employee for a workweek longer than forty hours unless the employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half the regular rate at which he or she is employed.

7.3 Defendant failed to pay the required overtime rate to Plaintiff and Class members during the class period.



**Ferraro Vega Employment Lawyers, Inc.**
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

7.4 Defendant failed to pay Plaintiff and Class members for all time worked, including off-the-clock hours worked pre- and post-shifts, and/or during purported meal breaks, and/or during mandatory orientation and training, and/or due to rounding.

7.5 By the actions alleged above, Defendant violated the provisions of RCW 49.46.090 and RCW 49.46.130 by failing to pay all wages earned to Plaintiff and Class members for some of the time they worked, including but not limited to work they performed in excess of forty hours per week.

7.6 By the actions alleged above, Defendant violated the provisions of RCW 49.46 *et seq*.

7.7 As a result of Defendant's unlawful acts, Plaintiff and the Class have been deprived of compensation in amounts to be determined at trial, and pursuant to RCW 49.46 are entitled to recover such amounts, including interest thereon, and attorneys' fees and costs.

## VIII. THIRD CLAIM FOR RELIEF

**(Unpaid Wages on Termination: RCW 49.48 *et seq*.)**

***On Behalf of Plaintiff and the Class***

8.1 Plaintiff and Class members reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

8.2 RCW 49.48.010 provides that "when any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period." The statute further states that it shall be unlawful for "any employer to withhold or divert any portion of an employee's wages."

8.3 Defendant failed to pay Plaintiff and the Class all wages due, at the end of the established pay period, and at the end of their employment. This includes, but is not limited to, failing to pay Plaintiff and Class members for all wages earned in the final pay period, failing to pay Plaintiff and Class members for all wages earned in prior pay periods, and failure to pay Plaintiff and Class members their final paycheck at the end of the established pay period.

8.4 By the actions alleged above, Defendant violated the provisions of RCW 49.48.010. As a result of Defendants' unlawful acts, Plaintiff and the Class have been deprived of compensation



**Ferraro Vega Employment Lawyers, Inc.**
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

in amounts to be determined at trial. Pursuant to RCW 49.48.030 are entitled to recover of such amounts, including interest thereon, attorneys' fees, and costs.

## IX. FOURTH CLAIM FOR RELIEF

**(Willful Refusal to Pay Wages: RCW 49.52.050)**

***On Behalf of Plaintiff and the Class***

9.1 Plaintiff and Class members reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

9.2 RCW 49.52.050 provides that any employer or officer, vice principal or agent of any employer who, "[w]ilfully and with intent to deprive the employee of any party of her wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" shall be guilty of a misdemeanor.

9.3 RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, attorneys' fees, and costs.

9.4 The alleged unlawful actions by Defendant against Plaintiff and the Class, as set forth above, were committed willfully and with intent to deprive Plaintiff and the Class of part of their wages.

9.5 As such, based on the above allegations, Defendant violated the provisions of RCW 49.52.050.

9.6 As a result of the willful, unlawful acts of Defendant, Plaintiff and the Class have been deprived of compensation in amounts to be determined at trial and pursuant to RCW 49.52.070, Plaintiff and the Class are entitled to recovery of twice such damages, including interest thereon, as well as attorneys' fees and costs.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his own and on behalf of the members of the Class, prays for judgment against Defendant, as follows:



**Ferraro Vega Employment Lawyers, Inc.**
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855

A. Certify the proposed Class;

B. Appoint Plaintiff as representative of the Class;

C. Appoint the undersigned attorneys as counsel for the Class;

D. Award compensatory, liquidated, and exemplary damages to Plaintiff and Class members for violation of state wage and hour laws, in amounts to be proven at trial;

E. Award Plaintiff and Class members their attorneys' fees and costs, as allowed by law;

F. Award Plaintiff and Class members prejudgment and post-judgment interest, as provided by law;

G. Permit Plaintiff and Class members leave to amend the complaint to conform to the evidence presented at trial; and

H. Grant such other and further relief as the Court deems necessary, just, and proper.

RESPECTFULLY SUBMITTED AND DATED this 23rd day of January, 2026.

**FERRARO VEGA EMPLOYMENT LAWYERS, INC.**

By: Nicholas J. Ferraro

Nicholas J. Ferraro (State Bar No. 59674)
Email: nick@ferrarovega.com
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Telephone: (619) 693-7727
Facsimile: (619) 350-6855

*Attorney for Plaintiff*