UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSIAH VESIKURU,<br><br>Plaintiff,<br><br>v.<br><br>LEASE CRUTCHER LEWIS WA, LLC,<br><br>Defendant. | Case No. 3:25-cv-06145-TMC<br><br>ORDER GRANTING IN PART AND DENYING IN PART SECOND MOTION TO DISMISS |

## I. INTRODUCTION

Before the Court is Defendant Lease Crutcher Lewis WA, LLC's ("Lease Crutcher") motion to dismiss the amended complaint filed by Plaintiff Josiah Vesikuru. Dkt. 14. Vesikuru is a former Lease Crutcher employee who alleges that the company violated Washington employment law by withholding payment for various "off-the-clock" time, including hours worked during rest breaks and meal breaks, and failing to pay final wages at the termination of employment. Dkt. 11. Lease Crutcher argues that Vesikuru's claims are preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Dkt. 14 at 9–16.

The Court agrees with Lease Crutcher that Vesikuru's claim for termination wages is completely preempted under the LMRA, and Vesikuru's remaining claims are preempted to the

extent they seek payment for missed rest breaks and meal breaks. These claims survive to the extent they relate to other off-the-clock time, such as work before and after shifts or during mandatory trainings. The Court therefore GRANTS IN PART and DENIES IN PART the motion to dismiss.

## II. BACKGROUND

Lease Crutcher is a Washington construction company. Dkt. 1 ¶ 6; Dkt. 11 ¶ 3.2. Vesikuru worked for Lease Crutcher as a carpenter apprentice from July 2025 to August 2025. Dkt. 11 ¶ 3.1. Vesikuru's employment was governed by a collective bargaining agreement ("CBA") negotiated between the Associated General Contractors of Washington and the Western States Regional Council of the United Brotherhood of Carpenters and Joiners of America. Dkt. 3 ¶ 3; Dkt. 3-1. The CBA contains provisions governing rest breaks, meal breaks, and the provision of wages, as well as a grievance process for labor disputes. *See* Dkt. 3-1 at 13–16.

On December 5, 2025, Vesikuru filed a putative class complaint against Lease Crutcher in Pierce County Superior Court, alleging that Lease Crutcher had violated Washington law by failing to pay him and potential class members "for all regular and overtime hours worked," "engag[ing] in a systematic policy and practice of denying rest breaks and meal breaks—and thereby wages—to its non-exempt employees," and "fail[ing] to compensate its employees for missed rest breaks and time worked during purported meal breaks." Dkt. 1-2 ¶¶ 1.1–1.5. The complaint included claims for "meal period violations" and "rest break violations" under RCW 49.12.020 and WAC 296-126-092. *Id.* ¶¶ 8.1–9.7. On December 22, 2025, Lease Crutcher removed the case to this Court. Dkt. 1. Two weeks later, Lease Crutcher moved to dismiss for failure to state a claim. Dkt. 10.

Vesikuru filed an amended complaint on January 23, 2026. Dkt. 11; *see* Federal Rule of Civil Procedure 15(a)(1)(B) (permitting a party to amend a pleading within 21 days of service of

a motion to dismiss). The amended complaint omitted claims that Lease Crutcher had engaged in a systemic practice of denying employees rest and meal breaks, instead alleging as follows:

> Defendant has also engaged in a common practice of not paying Plaintiff and Class members for all regular and overtime hours worked. Examples of such uncompensated hours include, but are not limited to: off-the-clock hours worked pre- and post- shifts, and/or during purported meal breaks, and/or during mandatory orientation and training, and/or due to rounding.

Dkt. 11 ¶ 1.2.

The amended complaint includes four claims. Count I alleges that Lease Crutcher violated the Washington Minimum Wage Act—specifically, RCW 49.46.020, RCW 49.46.090, RCW 49.46.120, RCW 49.46.130, and WAC 296-126-023—by failing to pay wages to employees "for work performed off the clock, including pre- and post- shifts, and/or during purported meal breaks, and/or during mandatory orientation and training, and/or due to rounding" and "fail[ing] to timely pay all wages owed . . . at regular pay intervals." *Id.* ¶¶ 6.1–6.7. Count II alleges that Lease Crutcher violated RCW 49.46.090 and RCW 49.46.130 by failing to pay overtime wages for work "performed in excess of forty hours per week," "including off-the-clock hours worked pre- and post-shifts, and/or during purported meal breaks, and/or during mandatory orientation and training, and/or due to rounding." *Id.* ¶¶ 7.1–7.7. Count III alleges that Lease Crutcher violated RCW 49.48.010 by failing to pay employees "all wages due, at the end of the established pay period, and at the end of their employment." *Id.* ¶¶ 8.1–8.4. Finally, Count IV alleges that Lease Crutcher violated RCW 49.52.050 by willfully withholding wages from its employees. *Id.* ¶¶ 9.1–9.6. Although the amended complaint does not include a legal claim regarding the denial of meal breaks and rest breaks, it contains factual allegations regarding the alleged missed breaks. *See id.* ¶¶ 5.14–5.16.

On February 2, the Court determined that the amended complaint was different enough from the original that it rendered moot Lease Crutcher's original motion to dismiss. Dkt. 13. The

Court instructed that if Lease Crutcher intended to maintain a motion to dismiss, it would need to "direct it at the new complaint." *Id.* Fifteen days later, Lease Crutcher moved to dismiss the amended complaint. Dkt. 14. Vesikuru responded, and Lease Crutcher replied. Dkts. 15, 16. The second motion to dismiss is now ripe for the Court's review.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Rule 12(b)(6) motions may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citation omitted). To survive a Rule 12(b)(6) motion, the complaint "does not need detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678).

The Court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party," *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014), but need not "accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

*Twombly*, 550 U.S. at 555 (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## IV. DISCUSSION

The central issue before the Court is whether Vesikuru's claims are preempted by Section 301 of the LMRA. *See* Dkt. 14 at 9–16. Under Section 301 of the LMRA, federal courts may hear "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a). Although the statute does not expressly reference preemption, "the Supreme Court has long interpreted the LMRA as authorizing federal courts to create a uniform body of federal common law to adjudicate disputes that arise out of labor contracts." *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019) (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210 (1985)). In other words, the LMRA "completely preempt[s] state law for certain labor-related claims." *McCray v. Marriott Hotel Servs., Inc.*, 902 F.3d 1005, 1009 (9th Cir. 2018). This means that "[a] claim that falls within § 301's ambit 'is considered, from its inception, a federal claim,' and so is subject to removal based on federal question jurisdiction." *Id.* (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987)). Section 301 preemption is intended to "protect the primacy of grievance and arbitration as the forum for resolving CBA disputes and the substantive supremacy of federal law within that forum." *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 920 (9th Cir. 2018) (emphasis omitted).

The Ninth Circuit "has 'distilled' the Supreme Court's doctrine on § 301 preemption 'into a two-part inquiry into the nature of a plaintiff's claim': § 301 preempts a plaintiff's state law claim only where the claim (1) 'arises entirely from' a collective bargaining agreement or

(2) 'requires interpretation of' the agreement." *Renteria-Hinojosa v. Sunsweet Growers, Inc.*, 150 F.4th 1076, 1088 (9th Cir. 2025) (quoting *Schurke*, 898 F.3d at 920–21). A claim is preempted at the first step if "the CBA is the 'only source' of the right the plaintiff seeks to vindicate." *Schurke*, 898 F.3d at 921 (quoting *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 258 (1994)). But if the asserted right arises from state law rather than the CBA, courts "proceed to the second step and ask 'whether a plaintiff's state law right is substantially dependent on analysis of [the CBA],' which turns on whether the claim cannot be resolved by simply 'look[ing] to' versus 'interpreting' the CBA." *Curtis*, 913 F.3d at 1153 (alterations in original) (quoting *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1033 (9th Cir. 2016)). At the second step, "a state law claim may avoid preemption if it does not raise questions about the scope, meaning, or application of the CBA." *Id.*

With this framework in mind, the Court considers each of Lease Crutcher's arguments for preemption.[1]

1. *Vesikuru's claims are preempted to the extent they arise out of allegations related to missed rest and meal breaks.*

Lease Crutcher argues that Vesikuru's remaining claims for relief are preempted under Section 301 because they are "derived from" violations of Vesikuru's right to rest and meal

[1] Lease Crutcher asks the Court to take judicial notice of the CBA governing Vesikuru's employment. Dkt. 14 at 8–9; *see* Dkt. 3-1. Vesikuru does not oppose this request. *See* Dkt. 15. "Courts in this district and others 'regularly find CBAs to be the proper subject of judicial notice when determining pleading challenges based on LMRA preemption.'" *Eloph v. Hos Bros Constr. Inc.*, No. C25-2491-KKE, 2026 WL 2168041, at *5 (W.D. Wash. July 28, 2026) (quoting *Oswald v. MV Transp., Inc.*, No. 25-CV-03053-AMO, 2026 WL 25840, at *1 (N.D. Cal. Jan. 5, 2026)); *Bruce v. Sellen Constr. Co.*, No. 2:25-CV-00705-JHC, 2025 WL 2495034 (W.D. Wash. Aug. 29, 2025) (taking judicial notice of a CBA to rule on a motion for judgment on the pleadings based on LMRA preemption); *see also Ly Chhen v. Boeing Co.*, No. C18-779-MJP, 2018 WL 4103665, at *1 (W.D. Wash. Aug. 29, 2018) (noting that the court had taken judicial notice of the CBA in a case involving LMRA preemption). The Court agrees and takes judicial notice of Vesikuru's CBA.

breaks, and this right arises solely from the CBA. Dkt. 14 at 10–14. Lease Crutcher points to RCW 49.12.187, which provides as follows:

> [R]ules adopted under this chapter regarding appropriate rest and meal periods as applied to employees in the construction trades may be superseded by a collective bargaining agreement negotiated under the national labor relations act, 29 U.S.C. Sec. 151 et seq., if the terms of the collective bargaining agreement covering such employees specifically require rest and meal periods and prescribe requirements concerning those rest and meal periods.

RCW 49.12.187(1). Vesikuru responds that these claims are not preempted because (1) he has amended his complaint to omit claims for missed rest and meal breaks; (2) his wage claims "encompass off-the-clock work occurring pre-shift/post-shift, during mandatory orientation and training, or as a result of rounding" as well as time worked during meal and rest breaks; and (3) his claims require only reference to rather than interpretation of the CBA. Dkt. 15 at 5–11. The parties do not dispute that Vesikuru worked "in the construction trades" for the purposes of the statute.

While courts in this district have not ruled uniformly on this question, the majority have concluded that where a plaintiff's right to rest and meal breaks is delineated in a CBA, any claims related to missed rest and meal breaks are preempted by Section 301 under the first step of the Ninth Circuit test. *See Eloph*, 2026 WL 2168041, at *5–6; *Bruce*, 2025 WL 2495034, at *3–4; *Stafford v. Key Mech. Co. of Wash.*, No. C21-5063-BHS-MLP, 2021 WL 2211287, at *7–8 (W.D. Wash. Apr. 27, 2021), *report and recommendation adopted*, No. C21-5063 BHS-MLP, 2021 WL 2206496 (W.D. Wash. June 1, 2021). These courts have reasoned that RCW 49.12.187 provides "in clear terms" for a CBA to supersede Washington rules pertaining to rest and meal breaks, and that wage claims based on those missed breaks are "derivative" of claims that an employer failed to provide the breaks themselves. *Eloph*, 2026 WL 2168041, at *4–6. In other

words, if claims for missed rest and meal breaks are preempted under Section 301, so too are claims seeking compensation for the hours worked during that time.

Vesikuru points to *Horton v. Americool Heating & A/C LLC*, No. 2:22-CV-01838-BJR, 2023 WL 3168612 (W.D. Wash. May 1, 2023). Dkt. 15 at 8–9. There, a court in this district concluded that a claim under RCW 49.46.090 based on a company's failure to pay wages for missed rest and meal breaks was not preempted because the claim's "legal character" was "entirely independent of Horton's rights under the CBA, even if he could have arguably filed a grievance arising from the same set of facts." *Horton*, 2023 WL 3168612, at *4. The court further concluded that RCW 49.12.187 did not apply to the claim at issue, as the claim arose "under an entirely separate chapter of the Revised Code of Washington. [RCW] 49.12.187 applies to 'rules adopted under [the Industrial Welfare Act] regarding appropriate rest and meal periods,' not rules under the Minimum Wage Act concerning proper compensation." *Id.*

This Court finds *Eloph*, *Bruce*, and *Sellen* more persuasive than *Horton*. Vesikuru's employment was governed by a CBA that contained requirements for meal and rest periods. Dkt. 3-1 at 13. Vesikuru's rights to those meal and rest periods—as well as any derivative rights, such as compensation for missed breaks—thus arose from the CBA, not Washington law. This satisfies the first step of the preemption test laid out by the Ninth Circuit.

Vesikuru cannot escape preemption simply by removing his claims for missed rest and meal breaks from the amended complaint. *See Columbia Exp. Terminal, LLC v. Int'l Longshore & Warehouse Union*, 23 F.4th 836, 842–43 (9th Cir. 2022) ("[C]laims which are, in substance, labor disputes subject to the CBA must not be evaded by artful pleading."). To the contrary, the claims seeking compensation for those missed breaks remain derivative of the omitted claims to the extent they arise from the same factual allegations. And the fact that he brings his wage

claims under the Washington Minimum Wage Act rather than RCW 49.12 is not dispositive, as they are derived from claims that he did bring under that chapter. *See* Dkt. 1-2 ¶¶ 8.1–9.7.

To the extent that Vesikuru's claims are preempted, dismissal is appropriate because Vesikuru has not alleged that he exhausted the mandatory grievance procedures outlined in the CBA. *See* Dkt. 3-1 at 15–16. "When a CBA contains a mandatory grievance procedure, that procedure must be exhausted before the Court may hear a claim for breach of contract under the LMRA." *Eloph*, 2026 WL 2168041, at *8 (citing *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 36–38 (1987)). Vesikuru argues that exhaustion is typically an affirmative defense, and Lease Crutcher has not established his failure to utilize these procedures. Dkt. 15 at 12. But in the context of Section 301 preemption, it is Vesikuru, not Lease Crutcher, who must demonstrate either that he exhausted his contractual remedies or that "[his] union breached its duty of fair representation in failing to do so." *Kobold*, 832 F.3d at 1036–37; *see also Bruce*, 2025 WL 2495034, at *6 ("[A]n exception to the exhaustion requirement exists when plaintiffs assert a so-called 'hybrid claim' against their union, either for failure to pursue their grievance or when their union breaches its duty of fair representation." (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164–65 (1983))).

Vesikuru has not made any allegations pertaining to his exhaustion of contractual remedies, nor has he brought a claim against the union for its failure to act on his behalf. *See* Dkt. 11. He has, however, suggested that he may be able to amend his complaint to cure these deficiencies. *See* Dkt. 15 at 12. Vesikuru's claims are therefore dismissed without prejudice, and with leave to amend, to the extent they arise from allegations related to missed rest and meal breaks. *See Columbia Exp. Terminal*, 23 F.4th at 848 (explaining that it was proper to dismiss a plaintiff's claims without prejudice where the plaintiff was "simply required to exhaust the grievance process to which it agreed in the CBA" before proceeding with the claims in court).

However, these claims survive preemption—and dismissal—to the extent that they concern other off-the-clock time, such as hours worked before and after shifts or hours spent in mandatory orientation and training. The amended complaint alleges that Vesikuru and other employees "were required to attend orientation while off-the-clock" and were not compensated for that time. Dkt. 11 ¶ 5.4. It further alleges that Lease Crutcher did not keep accurate records of the hours that its employees worked, and Vesikuru was undercompensated because "his timecard reports show his time was rounded to the nearest hour." *Id.* ¶¶ 5.5–5.7. These allegations are sufficient to state a claim that Lease Crutcher violated the Minimum Wage Act by failing to pay its employees the wages to which they were entitled. *See* RCW 49.46.090(1) ("Any employer who pays any employee less than the amounts to which such employee is entitled under or by virtue of this chapter, shall be liable to such employee affected for the full amount due to such employee . . . .").

*2. Vesikuru's claim under RCW 49.48.010 is completely preempted.*

In addition to the above, Lease Crutcher argues that Count III—concerning the company's alleged failure to pay termination wages—is preempted under Section 301 because RCW 49.48.010 provides that an employer's state-law duty to pay an employee "forthwith" at the end of their employment "shall not apply if the labor-management agreement under which the employee has been employed provides otherwise." RCW 49.48.010(2); Dkt. 14 at 14–15. Vesikuru disagrees, arguing that this claim is not preempted because his "alleged statutory violations and resulting penalties are predicated on independent factual underpinnings, rather than the interpretation of a CBA." Dkt. 15 at 11. Courts in this district have uniformly held that similar claims are preempted where, as here, *see* Dkt. 3-1 at 15, a CBA contains provisions regarding payment at the conclusion of employment. *Eloph*, 2026 WL 2168041, at *7; *Bruce*, 2025 WL 2495034, at *4–5; *Guardado v. Cascadian Bldg. Mgmt., Ltd*, No. C16-0303JLR, 2016

WL 3105041, at *3–4 (W.D. Wash. June 1, 2016). The Court adopts their reasoning and concludes that Count III is fully preempted under the LMRA, and dismissal of this claim is appropriate.

## V. CONCLUSION

The motion to dismiss (Dkt. 14) is GRANTED IN PART and DENIED IN PART. Counts I, II, and IV of the amended complaint are DISMISSED without prejudice to the extent that they arise from allegations related to missed rest breaks and meal breaks. Count III of the amended complaint is DISMISSED without prejudice. If Plaintiff seeks to amend his complaint to allege exhaustion of mandatory grievance procedures or a claim against his union, he may do so no later than September 9, 2026.

Because at least some of Plaintiff's claims survive even without amendment, the Clerk is directed to enter new initial case scheduling deadlines consistent with the minute order at Dkt. 17.

Dated this 19th day of August, 2026.

Tiffany M. Cartwright
United States District Judge